USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 3, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOUGLAS AUSENBAUGH and MARY JO AUSENBAUGH,

                Plaintiffs,

      v.

BANK OF NEW YORK MELLON, as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 20050J13 Mortgage Pass Through Certificates, Series 2005-J13,

                Defendant.

12 Civ. 8033 (PAC)

**MEMORANDUM OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs Douglas Ausenbaugh and Mary Jo Ausenbaugh (collectively, the "Ausenbaughs") bring this action alleging claims "for [q]uiet title, [f]raud, and other rights and remedies against Defendant [Bank of New York Mellon] who allegedly holds title to a Note and Mortgage upon Plaintiffs' property" in Indiana. (Compl. ¶ 1, ECF No. 6-1.[1]) Bank of New York Mellon ("BONY") moves to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or alternatively, to transfer this action pursuant to 28 U.S.C. §1404(a). The Court grants BONY's motion to dismiss.

## BACKGROUND

Although denominated "claims," the following factual allegations are taken from the Complaint and are presumed to be true for the purposes of the motion to dismiss. See Kelly v. Howard I. Shapiro & Assoc. Consulting Eng'rs, 716 F.3d 10, 12 (2d Cir. 2013) (per curiam).

The Ausenbaughs are Indiana residents who, on September 21, 2005, executed a promissory note and obtained a loan in the amount of $667,440 from Countrywide Home Loans,

---

[1] Plaintiffs' counsel has failed to comply with both the Local Rules of the United States District Court for the Southern District of New York and this Court's individual rules of practice regarding ECF filing.

Inc., secured by a mortgage on the property at 13541 Marjac Way, McCordsville, Indiana. (Compl. ¶¶ 2, 6; ECF No 6-4.[2]) On March 11, 2010, Mortgage Electronic Registration Systems, Inc. ("MERS"), identified as nominee for Countrywide Home Loans, executed an assignment of this mortgage to BONY.[3] (Compl. ¶¶ 8, 9; see ECF No. 6-5.) The assignment was executed by Tiaquanda Turner, who is identified as a Vice President of MERS. (Compl. ¶ 9; ECF No. 6-5.)

The Ausenbaughs allege that the assignment of their mortgage to BONY is invalid. (Compl. ¶ 24.) The Ausenbaughs assert that Ms. Turner is a "notoriously known ROBO signer" (id. ¶ 10), although nowhere in their Complaint or opposition papers do they define what this means. They further allege that the assignment listed Countrywide as the assignor (despite having ceased operations by this time), was recorded approximately five years after the CWALT

---

[2] BONY has submitted with its motion to dismiss copies of the subject mortgage recorded with Hamilton County, Indiana (ECF No. 6-3), the executed note between the Ausenbaughs and Countrywide Home Loans (ECF No. 6-4), and the assignment of the mortgage from Countrywide to BONY recorded with Hamilton County, Indiana (ECF No. 6-5). In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint," as well as documents that are "integral" to the complaint because the complaint "relies heavily upon [their] terms and effect[s]." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (quotations omitted). Such documents may be considered when there is no dispute as to their authenticity, accuracy, or relevance. Id. (citations omitted). Although the Ausenbaughs did not attach to their Complaint the materials that BONY has submitted, the Complaint both incorporates by reference and heavily relies upon each of these documents. Accordingly, because the Ausenbaughs do not challenge the authenticity, accuracy, or relevance of these materials, the Court may consider them in evaluating BONY's motion to dismiss.

Furthermore, in deciding a motion to dismiss pursuant to Rule 12(b)(1), the Court may consider "evidence outside of the pleadings." Zappia Middle East Const. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000); see McKithen v. Brown, 481 F.3d 89, 95–96 (2d Cir. 2007).

[3] The Complaint alleges that the mortgage was transferred to CWALT Alternative Trust 2005-J13. (Compl. ¶ 8.) Besides the caption, the Complaint does not allege that BONY was the trustee of the CWALT trust or otherwise had any role in the assignment, but merely states that BONY "allegedly holds title to a Note and Mortgage upon Plaintiffs' property." (Id. ¶ 1.) Yet, the assignment document itself states that the Ausenbaughs' mortgage was assigned to "The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2005-J13 Mortgage Pass-Through Certificates, Series 2005-J13[.]" (ECF No. 6-5.) See Williams v. Citibank, N.A., 565 F. Supp. 2d 523, 527 (S.D.N.Y. 2008) ("The court need not accept as true an allegation that is contradicted by documents on which the complaint relies." (citations omitted)).

2

trust closed, and that all assignments filed after the trust's closing date of October 1, 2005 are void for violating the terms of the trust's Pooling and Servicing Agreement. (Id. ¶¶ 12, 13, 17, 18, 19.) In addition, the Ausenbaughs allege the blank endorsement on the note is fraudulent and voids the assignment. (Id. ¶¶ 15, 16.) Finally, the Ausenbaughs contend that the CWALT trust contained only five loans from Indiana, but none of these meet the characteristics of the Ausenbaughs' mortgage loan. (Id. ¶¶ 21, 22.)

## DISCUSSION

Dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper when the district court "lacks the statutory or constitutional power to adjudicate" a case. Shabaj v. Holder, 718 F.3d 48, 50 (2d Cir. 2013) (quotations omitted). "[T]he Rooker-Feldman doctrine affects the threshold issue of the district court's subject matter jurisdiction," Mitchell v. Fishbein, 377 F.3d 157, 165 (2d Cir. 2004), and provides that, "in most circumstances, the lower federal courts do not have subject matter jurisdiction to review final judgments of state courts." Morrison v. City of New York, 591 F.3d 109, 112 (2d Cir. 2010) (citing Dist. of Columbia Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)). This doctrine obtains when: "(1) the [federal court] plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." McKithen v. Brown, 626 F.3d 143, 154 (2d Cir. 2010). The Second Circuit has characterized the first and fourth of these requirements as "procedural," and the second and third of these requirements as "substantive." Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) All four elements of the doctrine are satisfied here and its application deprives the Court of subject matter jurisdiction over this case.

3

First, the Ausenbaughs neglected to inform the Court of the fact that, on January 10, 2012, the Hamilton County, Indiana, Superior Court entered a Default and Summary Judgment and Decree of Foreclosure against the Ausenbaughs and in favor of BONY relating to the property at interest here.  (ECF No. 6-2.)  Nonetheless, they do not dispute the existence of the judgment or the fact that it was entered before they commenced this suit in federal court.  Clearly, then, the procedural requirements of the Rooker-Feldman doctrine have been met.  See, e.g., Done v. Wells Fargo, N.A., No. 12 Civ. 4296 (JFB), 2013 WL 3785627, at *6 (E.D.N.Y. July 18, 2013).

Second, although the Complaint does not intelligibly state what injury the Ausenbaughs complain of, it is obvious that they seek relief from the effects of the Indiana judgment by way of this Court's review of that judgment.  See, e.g., id. at *7 (seeking relief similar to that the Ausenbaughs request here).  The Ausenbaughs ask the Court to quiet title to the subject property in their favor and to enter injunctive and declaratory relief to the effect that BONY does not own title to the mortgage at issue in this matter and any such claims BONY has on the property are invalid.  (See Compl. ¶ 1 and Prayer for Relief.)  "Courts in this Circuit have consistently held that such an attack on a state court judgment of foreclosure is precluded by the Rooker-Feldman doctrine."  Scott v. Capital One, Nat'l Assoc., No. 12 Civ. 183 (ER), 2013 WL 1655992, at *3 (S.D.N.Y. Apr. 17, 2013) (collecting cases); cf. Skinner v. Switzer, 131 S. Ct. 1289, 1297–98 (2011) (finding no Rooker-Feldman hurdle when the federal plaintiff "presents an independent claim" (citations omitted))

Furthermore, even beyond the Rooker-Feldman problems inherent in this action, the Ausenbaughs—who are not proceeding pro se, but are represented by counsel—have failed to satisfy their burden to establish this Court's subject matter jurisdiction.  See Liranzo v. United

4

States, 690 F.3d 78, 84 (2d Cir. 2012) ("The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." (quotations omitted)).  Although the Complaint asserts subject matter jurisdiction under 28 U.S.C. § 1331 "based on [an] issue of federal law that is in dispute between the parties" (Compl. ¶ 4), the Complaint fails to mention or specify any substantive federal law.  See Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (quotations omitted)).

The Ausenbaughs' single contention that "[d]iversity jurisdiction is also appropriate as the Defendant lives in a different state and the amount in dispute exceeds $75,000" is also patently inadequate.  (Compl. ¶ 4.)  "Jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (quotations omitted).  For diversity purposes "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), but the Ausenbaughs' do not allege that BONY is a corporation, where it is incorporated, or where it has its principal place of business.  The Ausenbaughs merely allege that "upon information and belief, [BONY] is an enterprise located at One Wall Street, in the County of New York, State of New York[.]"  (Compl. ¶ 4.)  Such allegations do not satisfy Plaintiffs' burden of proving this Court's subject matter jurisdiction.  See Dist. Council 1707 Local 389 Home Care Emps.' Pension and Health and Welfare Funds v. Strayhorn, No. 11 Civ. 7911 (PAC), 2013 WL 1223362, at *4 (S.D.N.Y. Mar. 25, 2013).

Accordingly, the Court lacks subject matter jurisdiction over this action. In light of this determination, the Court need not address BONY's other arguments for dismissal. See Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss with prejudice is GRANTED. See Grant v. City of New Haven, 115 F. App'x 475, 476–77 (2d Cir. 2004) (summary order) (affirming dismissal for lack of subject matter jurisdiction under Rooker-Feldman doctrine and denial of leave to amend where "a liberal reading of the complaint fails to indicate any possibility that [plaintiff] states a colorable claim with an arguable basis in law or in fact to save jurisdiction" (quotations omitted)). The Clerk of Court is directed to close the motion at docket number 5 and terminate this case.

Dated: New York, New York
September 3, 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge